NEILL McNEILL v. CHADBOURN & Co.

*Contract—Inspection of Lumber in Wilmington—Vendor.*

The provisions of the "act concerning Inspector of lumber in Wilmington" (Priv. Acts 1874–5, ch. 155) are for the benefit of the vendor; and a sale of timber upon an inspection and measurement not in accordance with the act, the vendor making no objection thereto, is binding upon him.

(Observations by SMITH, C. J., upon the necessity of a "statement of the case" in a record sent up to this Court on appeal.)

. CIVIL ACTION, tried at Spring Term, 1878, of ROBESON Superior Court, before *Eure, J.*

The complaint states that the plaintiff had for sale in the city of Wilmington a raft of ton timber of superior quality,

and that defendant, Green, sold the same to his co-defendants, and that by their joint action the plaintiff sustained loss to the amount of $308.78 in measurement and price, in that, a large part thereof was declared to be refuse timber, contrary to the statute regulating said measurement, &c. In their answer, the defendants alleged that they bought the timber from Green as plaintiff's agent, subject to inspection; and after some negotiations in respect to the sale, Green came to the defendants and stated that he was authorized by plaintiff to accept their offer, and thereupon the bargain was made; they admit that the inspection was not in strict accordance with the statute, but was according to the invariable usage that prevailed at that time, which was known to plaintiff, who was present when the timber was inspected, and made no objection to the proceedings; they further alleged that they have paid plaintiff for the timber, and that he is precluded by his conduct from setting up any claim against them, and they deny that the inspection was unfair or unjust.

His Honor gave judgment for the defendants on the verdict, and the plaintiff appealed.

*Messrs. N. McLean*, and *G. Leitch*, for plaintiff.

*Messrs. Geo. Davis*, and *W. F. French*, for defendants, submitted, that the act of assembly concerning inspectors of timber was merely directory, and intended for the benefit of the vendor; and being for his benefit, he may waive it, Cooley Const. Lim., 180; 10 Eng. Com. Law Rep., 105; 1 Welsby, 651. The parties are *in pari delicto*, *King* v. *Winants*, 71 N. C., 469; *Latham* v. *Building Association*, 77 N. C., 145. The plaintiff is bound by his own action, *Campbell* v. *Flemming*, 28 E. C. L., 29; *Selway* v. *Fogg*, 5, M. & W., 35; *Miller* v. *Land Co.*, 66 N. C., 503; Benjamin on Sales, 39, 306. Plaintiff's remedy, if he have any, is against the inspector. Kerr on Fraud and Mistake, 331.

SMITH, C. J. The plaintiff owned a raft of logs at Wilmington, and was offered a certain price for them by defendants, Chadbourn & Co., which he refused to take. He thereupon employed the defendant, Green, as his agent to make the sale for him, who applied to the defendants, and was offered a small advance for a portion of the logs, and the same price as before for the others. This proposal was communicated to the plaintiff, and accepted, and an inspection of the timber made by an inspector selected by himself. The amount due under the contract, according to the inspector's estimate, was paid to the agent and by him to the plaintiff, and a receipt in full taken. The inspection was made according to the usage prevailing at Wilmington, but not in accordance with the directions of the act entitled "An act concerning inspectors of lumber in the city of Wilmington." Private Acts of 1874–'75, ch. 155. This act, § 4, prescribes how measurement shall be made, and what shall be deemed refuse lumber.

§ 3 declares that no inspection of rafts of lumber shall be made except upon the request of the owner or his agent, and that such owners " are fully authorized and entitled to sell said rafts *by bulk or otherwise,* at the wharf or elsewhere, as they may desire, and in case inspection is had, the same shall be before sale is made of the lumber, and the inspector shall deliver to the owner or his agent a bill descriptive of said lumber, by which bill said lumber may be sold." The plaintiff alleges that a measurement under the provisions of the statute would have given him an excess of about $85 over the sum paid him, and for this difference, stated at a much larger amount in the complaint, the action is brought.

If the act referred to has any application, it is quite obvious it leaves the owner at full liberty to make his own contract of sale and see to its execution. Its provisions are for the benefit and protection of the vendor. The plaintiff fully understood and assented to every part of the transac-

tion, and though his bargain may not have been judicious, he must judge for himself as to that, and for his own errors has no just ground for complaint, and no cause of action against the defendants. Issues involving these facts were submitted to the jury, and they are established by the verdict. The authorities cited for defendant fully sustain this view.

There is no case made up and sent up with the record, and we have to ascertain the facts by examining the pleadings, and the findings of the jury. This is not in accordance with the provisions of § 301 of C. C. P., regulating appeals, which requires the appellant to prepare a concise statement of his case, embodying the instructions given and refused when exception is made thereto, and setting out the exceptions themselves in separately numbered articles. The importance of this requirement of the Code and the frequency with which it is disregarded, make it proper to call the attention of the profession to the matter, and to say that it must be observed.

It can not be expected of this Court that it shall explore voluminous proceedings to ascertain what is in controversy and extract the questions arising therein for solution. We have already in another case at the present termed called the attention of the profession to the necessity of following the directions of the Code in this respect.

No error.

Per Curiam.                           Judgment affirmed.